UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMBATH PAL,

               Petitioner,

                                             Case No. 18-cv-0404-bhl

    v.

WARDEN PAUL S KEMPER,

               Respondent.

## ORDER DENYING SECTION 2254 PETITION

In April 2014, while driving his father's SUV, petitioner Sambath Pal crashed into a pack of motorcyclists near Janesville, Wisconsin. (ECF No. 9 at 2.) Pal fled the scene, and two of the motorcyclists died from their injuries. (*Id.*) Suspecting that his son was the culprit, Pal's father turned him into police, and Pal was charged with two counts of hit and run involving death under Wis. Stat. Section 346.67(1). (*Id.*) Pal pled guilty to both counts, and on October 1, 2014, a Rock County Circuit Court judge sentenced him to 20 years' imprisonment and 20 years' extended supervision. (ECF No. 1 at 2.) Pal appealed his sentence, arguing that the charges were multiplicitous. (*Id.* at 3.) Both the Wisconsin Court of Appeals and the Wisconsin Supreme Court affirmed Pal's sentence. (*Id.*) Pal subsequently filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. (*See generally id.*) In it, Pal argues that the Wisconsin Supreme Court's multiplicity test violated his right to due process because it improperly permitted him to be convicted twice for the same offense. (*Id.* at 6.) He also contends that the Wisconsin Supreme Court's decision violated his due process rights because it did not provide fair notice of what constitutes multiplicity in Wisconsin. (*Id.* at 7.)

On June 11, 2018, the fully briefed petition was referred to Magistrate Judge William E. Duffin for a report and recommendation. (ECF No. 10.) On January 16, 2019, Judge Duffin filed his report, recommending the Court deny Pal's petition and withhold a certificate of appealability. (ECF No. 13.) On January 29, 2019, Pal timely filed objections to Judge Duffin's report and recommendation. (ECF No. 14.) Finding no clear error, the Court will adopt those portions of

Judge Duffin's report and recommendation that went unchallenged. And even after de novo review of the report's challenged sections, the Court will deny habeas relief and a certificate of appealability.

ANALYSIS

A district court reviews, de novo, any part of a magistrate judge's disposition to which a party properly objects. *See* Fed. R. Civ. P. 72(b)(3). Where no objection is raised, the magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. U.S. Dist. Ct. for N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, Pal raises three objections to Judge Duffin's report. First, he argues that clearly established federal law required the Wisconsin Supreme Court to use the "unit of prosecution" test, rather than the *Blockburger* test, to evaluate the existence of multiplicity. (ECF No. 14 at 2-5.) Second, he contends that the rule of lenity provides another basis to grant habeas relief. (*Id.* at 5-7.) Finally, he suggests that the vagueness of the Wisconsin Supreme Court's decision provides a cognizable claim for federal habeas relief. (*Id.* at 8-10.) After reviewing the record, the Court agrees with Judge Duffin's conclusions, notwithstanding Pal's objections. Accordingly, the Court will deny Pal's habeas petition and decline to issue a certificate of appealability.

**I. The Wisconsin Supreme Court Was Not Bound to Apply Any Particular Multiplicity Test.**

The Fifth Amendment's Double Jeopardy Clause bars "the government from prosecuting [a] defendant a second time for an offense after he has been convicted or acquitted of that same offense." *McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005). It also prevents "'multiple punishments for the same offense' imposed in a single proceeding." *Id.* (quoting *Jones v. Thomas*, 491 U.S. 376, 381 (1989)). Pal's case implicates this second protection. Importantly, though, nothing in the Double Jeopardy Clause precludes multiple convictions of the same offense for a single act "so long as the legislature has authorized cumulative punishment." *Id.*

Pal argues that the Wisconsin state legislature did not authorize cumulative punishment with respect to Wis. Stat. Section 346.67(1). But, he continues, the Wisconsin Supreme Court reached the erroneous conclusion that the statute did contemplate cumulative punishment because it applied the multiplicity test from *Blockburger v. United States*, 284 U.S. 299 (1932) instead of the "unit of prosecution" test. *See United States v. Song*, 934 F.2d 105, 108 (7th Cir. 1991). As Judge Duffin noted, "[T]he problem with Pal's argument is that the United States Supreme Court

has never held that a state court is constitutionally required to follow any particular 'test' to discern whether the legislature intended multiple punishments." (ECF No. 13 at 7.) Pal argues that the so-called "unit of prosecution" test should be used, especially in circumstances where a criminal defendant is charged with two violations of the same statute for what appears to be a single act. But the Wisconsin Supreme Court has not adopted Pal's argument and instead applies a different test. This is not a basis for habeas relief. The purpose of federal habeas is to offer relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam). If no U.S. law requires states to evaluate multiplicity under Pal's proposed standard, then his habeas petition reflects an understandable preference for the multiplicity test that would lessen his criminal sentence, but it does not prove that his sentence is illegal.

Additionally, the question of what the Wisconsin state legislature intended "is purely a matter of state law." *McCloud*, 409 F.3d at 874 (citations omitted). And "[s]tate law errors normally are not cognizable in habeas proceedings." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). So even assuming that the Wisconsin Supreme Court misinterpreted the state legislature's intent, a federal habeas court is not equipped to redress that error. *Id.* at 875 ("Although [the petitioner's] double jeopardy claim presents a federal question, it is one that turns on the intent of the Wisconsin legislature.").

## II. The Wisconsin Supreme Court's Decision Does Not Implicate the Rule of Lenity, and Even If It Did, That Would Not Entitle Pal to Habeas Relief.

"[T]he rule of lenity instructs that ambiguity in the meaning of a statutory provision should be resolved in favor of the defendant." *United States v. Turcotte*, 405 F.3d 515, 535 (7th Cir. 2005), *overruled on other grounds by United States v. Novak*, 841 F.3d 721 (7th Cir. 2016). "The rule 'applies only when, after consulting traditional canons of statutory construction, [courts] are left with an ambiguous statute.'" *Shular v. United States*, 140 S. Ct. 779, 787 (2020) (quoting *United States v. Shabani*, 513 U.S. 10, 17 (1994)). Pal argues that Wis. Stat. Section 346.67(1)'s ambiguity necessitated application of the rule of lenity. But the Wisconsin Supreme Court never found the statute ambiguous. In fact, it stated that, "[Given] the statute's clear imposition of duties with regard to each of the victims at the accident scene in this case, it is reasonable to presume, as we do, that the legislature authorized multiple punishments under § 346.67(1)." (ECF No. 1-4 at 14-15.) And even if the Wisconsin Supreme Court had found ambiguity, a petitioner is not entitled

to federal habeas relief on the grounds that a state court failed to apply or misapplied the rule of lenity. *See Lurie v. Wittner*, 228 F.3d 113, 126 (2d Cir. 2000).

**III.    A Fractured Opinion Is Not a Violation of Due Process.**

Pal's final argument is that the Wisconsin Supreme Court's fractured opinion did not provide him fair notice of what constitutes multiplicity in Wisconsin, thereby depriving him of due process.[1] As Judge Duffin's report explains, there is no reason to believe that a state supreme court's failure to remove all uncertainty as to the state of the law denies a defendant constitutional due process. (ECF No. 13 at 13.) It is not entirely obvious that the Wisconsin Supreme Court's opinion leaves unclear how multiplicity is evaluated under state law. *See generally State v. Pal*, 893 N.W.2d 848 (Wis. 2017). If it does, that is a wrinkle to be ironed out in subsequent cases; appellate panels frequently disagree. This is anticipated and part of our legal system, not a violation of constitutional rights to address in a habeas proceeding.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the unchallenged portions of Magistrate Judge Duffin's Report and Recommendation, ECF No. 13, are adopted.

**IT IS FURTHER ORDERED** that the petitioner's §2254 motion for relief, ECF No. 1, is **DENIED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Court adopts Judge Duffin's recommendation regarding a certificate of appealability. (ECF No. 13 at 13.) Accordingly, a certificate of appealability **SHALL NOT ISSUE**.

**IT IS FURTHER ORDERED** that petitioner's motion for decision, ECF No. 15, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on May 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] The Court notes that Pal almost certainly procedurally defaulted on this claim. He did not give the state courts a "full and fair opportunity" to adjudicate it. *See Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). And there is no basis on the record for excusing the procedural default. *See Reynolds v. Hepp*, 902 F.3d 699, 705 (7th Cir. 2018).